# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| PAUL EDALAT, <br><br> Plaintiff, <br><br> v. <br><br> NBA PROPERTIES, INC., <br><br> Defendant. | Case No. 6:26-cv-00521 <br><br> State Court Case No.: 2025-CA-002038-O |

## DEFENDANT NBA PROPERTIES, INC.'S NOTICE OF REMOVAL

### I.   INTRODUCTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant NBA Properties, Inc. ("NBAP") removes this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida ("Florida Circuit Court"), where this action was pending, to the United States District Court for the Middle District of Florida. The removal of this action is based on diversity of citizenship.

### II.   BACKGROUND

1. On March 10, 2025, Plaintiff Paul Edalat filed a complaint against the National Basketball Association ("NBA") in the Florida Circuit Court, Case No. 2025-CA-002038-O.[1]  The complaint alleged one count of breach of contract.

---

[1] The action was styled as *Paul Edalat v. National Basketball Association*, Case No. 2025-CA-002038-O. Citations to "Dkt." refer to filings on the Florida Circuit Court docket.

2. On May 16, 2025, the NBA filed a motion to dismiss Plaintiff's complaint. Dkt. 21. Instead of opposing the NBA's motion, on June 5, 2025, Plaintiff filed an amended complaint against the NBA. Dkt. 22.

3. On June 23, 2025, the NBA filed a motion to dismiss the amended complaint. Dkt. 27. Instead of opposing the NBA's motion, on August 20, 2025, Plaintiff filed an Unopposed Motion for Leave to File a Second Amended Complaint and for an Order Dismissing the National Basketball Association ("Motion"). Dkt. 34. In the Motion, Plaintiff sought to dismiss the NBA and to add NBAP as the defendant.

4. On January 13, 2026, the Florida Circuit Court granted Plaintiff's Motion and issued an order dismissing the NBA and granting Plaintiff leave to file the Second Amended Complaint.

5. On February 27, 2026, Plaintiff filed and served NBAP with the Second Amended Complaint ("SAC").

6. In the SAC, Plaintiff asserts a breach of contract claim against NBAP, seeking monetary damages in excess of $75,000. SAC ¶ 52.

7. A copy of all process, pleadings, and orders served upon NBAP in this action to date, as well as the docket sheet for the state court action, is attached as Exhibit A, in accordance with 28 U.S.C. § 1446(a).[2]

---

[2] For completeness, NBAP has also attached all papers filed on the docket in this action to date. *See* Exhibit A.

### III. THE PARTIES

8. Plaintiff Paul Edalat is a citizen of California. For purposes of diversity jurisdiction, an individual's "[c]itizenship is equivalent to 'domicile.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "[D]omicile requires both residence in a state and an intention to remain there indefinitely." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citation omitted). "Courts look to various factors in determining a person's intent to remain in a state, including: the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). "No single factor is conclusive; rather, the Court looks to the totality of the evidence." *Jones v. L. Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) (cleaned up). Here, in addition to the SAC's allegation that Plaintiff "resides in California," SAC ¶ 2, other sources establish that Plaintiff is domiciled in California. As of August 2025, California tax authorities listed Plaintiff's last known address as a property in Newport Beach, California. *See* Exhibit B. In March 2023, Plaintiff removed a different case to federal court based on diversity jurisdiction where, as here, the opposing party was a citizen of New York. *See* Exhibit C. In his notice of removal in that case, Plaintiff stated that the lawsuit was "between citizens of different states" and that he was "a natural person resident in Orange County, California." Exhibit C ¶¶ 2–3. In addition, Plaintiff admitted in an answer filed in federal court in 2022 that he "has been the CEO and chairman of

Vivera [Pharmaceuticals, Inc.]," a company headquartered in California, "since April 2018." Exhibit D ¶ 7. In Vivera's May 2024 filing with the California Secretary of State, Plaintiff was listed as the company's Chief Executive Officer ("CEO") with an address in California, *see* Exhibit E; he also is currently listed on Vivera's website as its Chairman, Founder, and CEO. *See Executive Team*, Vivera Pharmaceuticals, https://viverapharmaceuticals.com/executive-team/ (last visited Mar. 5, 2026).[3] These records, viewed in their totality, establish that Plaintiff is a citizen of California.

9.  Defendant NBAP is a citizen of New York. For diversity jurisdiction purposes, "[a] corporation is a citizen of any state in which it is incorporated and of the state 'where it has its principal place of business.'" *Ranbaxy Lab'ys Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (quoting 28 U.S.C. § 1332(c)(1)). NBAP is a corporation duly established under the laws of the state of New York, with a headquarters and principal place of business in New York. *See* SAC ¶ 3; Exhibit F (Declaration of Ayala Deutsch) ¶¶ 4–5; Exhibit G (New York State Department of State records). It is therefore a citizen of New York. 28 U.S.C. § 1332(c)(1).

---

[3] The Court may consider these additional facts in determining whether diversity jurisdiction exists. *See Young v. Prudential Ins. Co. of Am.*, No. 07 Civ. 14367, 2008 WL 11417334, at *1 (S.D. Fla. Feb. 29, 2008) ("[B]ecause the parties' citizenship is not usually stated in a state court complaint, a defendant seeking to remove on the basis of diversity is allowed to show facts regarding citizenship in its petition for removal.") (citation omitted).

## IV. JURISDICTIONAL BASIS FOR REMOVAL

10. A state court action may be removed to district court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

11. Federal district courts have original jurisdiction over civil actions between citizens of different states with an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a)(1).

12. In this case, both requirements are met.

13. First, as set forth above, Plaintiff is a citizen of California and Defendant is a citizen of New York. *See supra* ¶¶ 8–9. Accordingly, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1).

14. Second, while NBAP denies that it is liable to Plaintiff for any amount of damages and reserves all rights, the SAC alleges "millions" of dollars in damages, SAC ¶ 52, thus satisfying the amount-in-controversy requirement of $75,000. 28 U.S.C. § 1332(a)(1); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

15. Therefore, this Court has original jurisdiction over this action. 28 U.S.C. § 1332(a).

## V. COMPLIANCE WITH REMOVAL PROCEDURES

16. NBAP has timely filed this Notice of Removal within thirty days of when it was served the SAC. *See* 28 U.S.C. § 1446(b)(2)(B); *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) ("[E]ach defendant, upon formal service of process, [has] thirty days to file a notice of removal pursuant to § 1446(b).").

85736231;1

17. In addition, NBAP has timely filed this Notice of Removal within thirty days "after receipt . . . through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This action became removable on February 27, 2026, when Plaintiff filed the SAC, because, as of that date, complete diversity existed for the first time (between NBAP and Plaintiff), and the amount in controversy exceeded $75,000.[4]  28 U.S.C. § 1446(b)–(c).

18. NBAP is giving written notice of the filing of this Notice of Removal by filing a Notice of Filing of Notice of Removal with the Clerk of the Florida Circuit Court. 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto (without exhibits) as Exhibit H.

19. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1441(a) because this District embraces the Florida Circuit Court, the forum in which the removed action was pending.

---

[4] The case was not removable until the NBA was dismissed and Plaintiff filed the SAC because the NBA, the former defendant, is an unincorporated association and "[f]or purposes of determining diversity jurisdiction, all unincorporated associations . . . are treated as partnerships and deemed to possess the citizenship of their partners or members." *Orchid Quay, LLC v. Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303–04 (S.D. Fla. 2016) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016)). Because the NBA has member teams in California, it is a citizen of California for diversity jurisdiction purposes and complete diversity did not exist between it and Plaintiff, a citizen of California. *See* 28 U.S.C. § 1332(a)(1). And because the NBA has member teams in Florida, the "forum defendant rule" barred removal to this Court while the NBA was a defendant. 28 U.S.C. § 1441(b)(2). *See, e.g.*, *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1267 (M.D. Fla. 2009) (explaining that, under the forum defendant rule, "[e]ven where there is complete diversity between the parties . . . a defendant may not remove a case brought in a state court sitting in the same state in which any properly joined and served defendant is a citizen" for purposes of diversity jurisdiction).

20. NBAP reserves all rights to raise any and all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, NBAP respectfully removes this case from the Florida Circuit Court to the United States District Court for the Middle District of Florida.

Dated: March 6, 2026                                   Respectfully submitted,

*/s/ Kevin T. McGavock*
E. Ginnette Childs, Esq.
Florida Bar No. 0298130
Primary Email:
ginny.childs@akerman.com
Secondary Emails:
sharlene.harrison-carera@akerman.com
masterdocketlit@akerman.com
Kevin T. McGavock, Esq.
Florida Bar No. 1002313
Primary Email:
kevin.mcgavock@akerman.com
Secondary Emails:
caren.deruiter@akerman.com
masterdocketlit@akerman.com
AKERMAN LLP
420 South Orange Avenue, Suite 1200
Orlando, FL 32801
P. O. Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000

- and –

Sean Hecker*
shecker@heckerfink.com
David Gopstein*
dgopstein@heckerfink.com
Mahrah M. Taufique*
mtaufique@heckerfink.com

85736231;1

- 8 -

                                                HECKER FINK LLP
                                                350 Fifth Avenue, 63rd Floor
                                                New York, NY 10118
                                                Phone: (212) 763-0883

*Pro hac vice applications forthcoming*

*Attorneys for Defendant NBA Properties, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 6, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court for the United States District Court for the Middle District of Florida by using its CM/ECF system, which will serve an electronic copy on all counsel of record.

*/s/ Kevin T. McGavock*
Kevin T. McGavock

85736231;1