# EXHIBIT C

Henry L. Saurborn Jr. [HS-6583]
Kaiser Saurborn & Mair, P.C.
30 Broad Street, 37th floor
New York, New York 10004
(212) 338-9100
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

CLOUDFUND, LLC,                                      Civil Action No. 23-cv-

                          Plaintiff,

                                        **NOTICE OF REMOVAL**

        -against-

VIVERA BIO INC D/B/A VIVERA BIO and
PAUL EDALAT,

                         Defendants.
--------------------------------------------------------X

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK AND TO PLAINTIFF:

      Defendants Vivera Bio, Inc. and Paul Edalat (together "Defendants"), by and through

their undersigned counsel, and subject to all of their defenses, including any and all Rule 12

defenses, hereby provide notice of the removal to the United States District Court for the

Eastern District of New York, of the following lawsuit filed January 27, 2023 in the Supreme

Court of the State of New York, Queens County., Index No. 702013 (hereinafter the "State

Court Action").

      The following is a short, plain statement of the grounds for removal and a listing of the

pleadings to date pursuant to 28 U.S.C. § 1446(a).

-1-

## I.  DESCRIPTION OF THE ACTION

1.      On January 27, 2023, Plaintiff Cloudfund LLC ("Plaintiff"), commenced the State Court Action upon the filing of a Summons and Complaint (the "Complaint") against the defendants in the Supreme Court of the State of New York, Queens County.  The Complaint alleges causes of action for breaches of contract and for attorneys' fees which together exceed the sum of $75,000 as of the date hereof.  Defendants were served with copies of the Summons and Complaint on February 3, 2023.  A copy of the Summons and Complaint in the State Court Action is attached hereto as Exhibit A.

## II.  BASIS FOR REMOVAL (DIVERSITY JURISDICTION)

2.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3.      Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state by which it has been incorporated and the state where it has its principal place of business.  According to the Complaint, plaintiff Cloudfund is a New York limited liability company with its principal place of business in Rockland County, New York. [Ex. A, Complaint at ¶ 1]   Defendant Vivera Bio is a Delaware corporation with its principal place of business in Orange County, California and defendant Paul Edalat is a natural person resident in Orange County, California. [Id. at ¶3-4]

4.      In its complaint, Plaintiff has alleged damages of $66,950, to which amount must be added the attorneys' fees that Plaintiff has demanded in its third cause of action. Plaintiff has represented to the undersigned that the total due as of the date hereof is $84,188.37, exceeding the minimum required by 28 U.S.C. § 1332. [Id. at ¶¶ 37, 44, 47]

-2-

## II.     THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

5.     Based on the foregoing, the State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6.     As of the time of this filing, an affidavit of service has not been filed on the electronic docket in the State Court Action.

7.     This Notice of Removal is timely because it is filed within thirty (30) days after the Complaint was served on defendants, so it is within the deadline prescribed by 28 U.S.C. § 1446(b)(1).

8.     Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending within the Supreme Court of the State of New York, Queens County.

9.     Defendants will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal within the Supreme Court of the State of New York, Queens County as further required by that section.

10.    The undersigned counsel for defendants has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

11.    Without waiving any objections to personal jurisdiction, both defendants join in and consent to this removal in accordance with 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION AND REQUESTED RELIEF

For all reasons set forth above, without waiving any defenses to the claims asserted by Plaintiff, including personal jurisdiction, defendants respectfully request that this Court proceed with this matter as if it had been originally filed herein.

Dated:  New York, New York
         March 3, 2023

KAISER SAURBORN & MAIR, P.C.
Attorneys for Defendants Vivera Bio, Inc.
and Paul Edalat

By: /s/ Henry L. Saurborn Jr.
     Henry L. Saurborn, Jr.

30 Broad Street, 37th floor
New York, New York 10004
(212) 338-9100

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CLOUDFUND LLC,

                    Plaintiff,

       -against-

VIVERA BIO INC D/B/A VIVERA BIO and PAUL
EDALAT,

                  Defendants.

Index No.
Date filed:

**SUMMONS**

Plaintiff's Address:
400 Rella Blvd. Suite 165-101
Suffern, NY 10901

TO THE ABOVE-NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within **twenty (20) days** after the service of this summons, exclusive of the day of service (or within **thirty (30) days** after the service is complete if this summons is not personally deliv    you within the State of New York); and in case of your failure to appear or answer, judgm    be taken agains  you by default for the relief demanded in the complaint.

      Plaintiff designates Queens County as the place of trial in accordance with the parties' contractual forum selection clause under CPLR § 501.

  Dated: New York, New York
       January 27, 2023

                         /s/ Vadim Serebro, Esq.
                        Vadim Serebro, Esq.
                        *Attorney for Plaintiff,*
                        *Cloudfund LLC*
                        55 Broadway, 3rd Floor
                        New York, New York 10006
                        Phone: (646) 517-8956

Defendants' Addresses:

Vivera Bio Inc d/b/a Vivera Bio
4343 VON KARMAN AVE. STE 100
NEWPORT BEACH, CA 92660

Paul Edalat
12 SABLE SANDS
NEWPORT COAST, CA 92657

*Service date*
*Feb 3*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

CLOUDFUND LLC,

Plaintiff,

-against-

VIVERA BIO INC D/B/A VIVERA BIO and PAUL
EDALAT,

Defendants.

---

Index No.

**VERIFIED
COMPLAINT**

Plaintiff Cloudfund LLC, by and through its attorney, Vadim Serebro, Esq., complaining

of Defendants, above-named, respectfully sets forth and alleges as follows:

### Parties

1.     Plaintiff Cloudfund LLC ("Plaintiff" or "CFD") is, and at all times relevant to this

action has been, a limited liability company duly organized and existing under and by virtue of the

laws of the State of New York, with an office located at 400 Rella Blvd. Suite 165-101, Suffern,

NY 10901.

2.     At all times relevant to this action, CFD has been engaged in the business of

purchasing future accounts-receivable from retail and wholesale merchants.

3.     Defendant Vivera Bio Inc d/b/a Vivera Bio ("VB" or the "Business Defendant") is,

and at all times relevant to this action has been, a corporation duly organized and existing under

and by virtue of the laws of the State of California, with an address at 4343 VON KARMAN AVE.

STE 100, NEWPORT BEACH, CA 92660.

4.     Defendant Paul Edalat ("Paul" or the "Personal Guarantor") is, and at all times

relevant herein has been, an individual resident of the State of California, with an address at 12

SABLE SANDS, NEWPORT COAST, CA 92657 (the Business Defendant and the Personal

Guarantor are each a "Defendant," and collectively, the "Defendants").

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/27/2023

5.     Personal Guarantor is the owner, principal, and/or a manager of Business Defendant.

## Jurisdiction and Venue

6.     Jurisdiction and venue are proper in Queens County because Defendants transacted business in New York.

7.     Furthermore, Defendants agreed to submit to the jurisdiction of any court in the State of New York including without limitation, Queens County, and have waived any and all objections to jurisdiction and venue as per the terms of a future receipts sale and purchase agreement by and between the parties, discussed in more detail below.

## Facts Common to All Causes of Action

8.     CFD brings this Action for breach of contract, attorney's fees, and to enforce the personal guarantee of performance made by the Personal Guarantor.

9.     On or about 11/04/2022, Business Defendant and CFD entered into a certain future receipts sale and purchase agreement (the "Agreement") wherein the Business Defendant sold $83,940.00 (the "Purchased Amount") of its future receivables to CFD, to be paid to CFD from a percentage of the Business Defendant's daily revenue, for an upfront sum of $60,000.00 (the "Purchase Price").

10.     A true and accurate copy of the Agreement is annexed hereto as **Exhibit A**.

11.     CFD fulfilled its obligation under the Agreement to provide the Purchase Price to the Business Defendant as required by the Agreement.

12.     Pursuant to the Agreement, the Business Defendant was obligated to deliver CFD's Three percent (3%) share of its weekly receivables to CFD.

13.     Pursuant to the Agreement, Business Defendant authorized CFD to debit from its bank account, by means of an automated clearing house (ACH) debit, Three percent (3%) of Business Defendant's accounts-receivable (the "Specified Percentage"), by means of an online

NYSCEF DOC. NO. 1

ACH debit, an initial fixed, agreed-upon amount from its bank account as a good faith approximation of the Specified Percentage (the "Initial Weekly Installment") until such time as the Purchased Amount of receivables – $83,940.00 – was remitted in full.

14. During the life of the Agreement and pursuant to the terms of the Agreement, Business Defendant was entitled to "request retroactive reconciliation of the Remittance Amounts paid during one (1) or more full calendar month(s) immediately preceding the day when such request for reconciliation is received by Buyer (each such calendar month for which a reconciliation may be requested, a "Reconciliation Month")," whereby Cloudfund LLC was obligated to ensure that only the Specified Percentage was retained by Cloudfund LLC for each such Reconciliation Month(s).

15. Upon the Business Defendant's request, if the cumulative debits for any Reconciliation Month equaled an amount greater than Three percent (3%) of the Business Defendant's accounts-receivable for the particular Reconciliation Month(s), then Plaintiff was to credit/refund the Business Defendant for the difference, whereas if the cumulative debits equaled an amount that was lower than Three percent (3%) of the Business Defendant's accounts-receivable for that particular Reconciliation Month(s), then CFD was to debit the difference from the Business Defendant.

16. Business Defendant agreed to exclusively use one bank account approved by CFD (the "Account"), into which Business Defendant agreed to deposit all of its receipts, and from which CFD was to conduct its ACH debits of the Specified Percentage of said receipts.

17. The Agreement provided that in the event Business Defendant used a bank account other than the Account or Business Defendant otherwise prevented CFD from debiting the Account or its Specified Percentage of receipts, the Business Defendant was in default of the Agreement.

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/27/2023

18.   In addition, the Personal Guarantor executed a personal guarantee of performance, guaranteeing the Business Defendant's performance of its obligations under the Agreement (the "Personal Guarantee").

19.   The Personal Guarantee provides that in the event of Business Defendant's default under any of the terms of the Agreement, including blocking ACH debits or depositing its accounts-receivable into a bank account other than the Account, CFD may enforce its rights against the Business Defendant under the Agreement against the Personal Guarantor.

20.   As contemplated and permitted by the Agreement, CFD filed a financing statement in accordance with Article 9 of the Uniform Commercial Code, giving CFD a perfected security-interest in the Business Defendant's accounts-receivable.

21.   Initially the Business Defendant met its obligations under the Agreement and deposited its receivables into the Account from which CFD could debit the Specified Percentage.

22.   On or about 1/13/2023, the Business Defendant breached the Agreement by failing to perform its obligations under the terms of the Agreement and depriving CFD of its Specified Percentage of the Business Defendant's weekly receipts.

23.   On or before 1/13/2023, the Business Defendant blocked CFD's access to the Account, ceased depositing its receivables into the Account, or otherwise deprived CFD of its Specified Percentage.

24.   The Business Defendant continues to conduct regular business operations and is still collecting accounts receivable.

25.   The Business Defendant refuses to remit the Specified Percentage of its weekly receivables to CFD, has been withholding the future receivables it sold to CFD, and has refused to continue performing under the terms of the Agreement.

26.     During the course of the Agreement, the unremitted sums become due and payable to CFD in full as required by CFD or pursuant to the terms of the Agreement in the event of any action constituting a default or breach of any covenants or warranties contained in the Agreement. Any outstanding balance owed by the Business Defendant at the time of default became immediately due and payable to CFD.

27.     The Business Defendant defaulted under the terms of the Agreement by breaching its representations and warranties to CFD.

28.     The Business Defendant has refused to remit business receivables up to the Purchased Amount due pursuant to the Agreement, despite due demand therefore.

29.     The Business Defendant remitted certain receivables totaling $16,989.30 under the Agreement to Plaintiff, leaving an unremitted balance as of this date in the sum of $66,950.70 (the "Default Amount").

30.     A true and correct copy of the transaction history under the Agreement is attached hereto as **Exhibit B**.

31.     Accordingly, there remains a balance due and owing to CFD in the amount of $66,950.70, plus interest from 1/13/2023 (the "Date of the Breach"), in addition to attorneys' fees and costs.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
**(Breach of Contract against the Business Defendant)**

32.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "31" above with the same force and effect, as if same were more fully set forth at length herein.

33.     CFD and the Business Defendant entered into the Agreement on or about 11/04/2022.

34.   CFD performed under the terms of the Agreement by paying the Purchase Price less any agreed upon amounts to the Business Defendant on or about 11/04/2022.

35.   The Business Defendant partially performed under the terms of the Agreement, thereby leaving an outstanding balance of $66,950.70.

36.   The Business Defendant breached the Agreement on or about 1/13/2023.

37.   As a result of the Business Defendant's breach of the Agreement, CFD has been damaged in the amount of $66,950.70, the full outstanding balance, plus statutory pre-judgment interest at 9% running from the Date of the Breach, its costs as taxed by the clerk, and its attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of the Personal Guarantee against the Personal Guarantor)

38.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "37" above with the same force and effect, as if same were more fully set forth at length herein.

39.   Pursuant to the Agreement, the Personal Guarantor personally guaranteed that the Business Defendant would perform its obligations thereunder and that he/she would be personally liable for any losses suffered by CFD as a result of a breach by the Business Defendant.

40.   The Business Defendant has breached its obligations owed to CFD pursuant to the Agreement.

41.   CFD has suffered damages as a result of the Business Defendant's failure to perform its obligations owed to CFD under the Agreement.

42.   Defendant Personal Guarantor breached the personal guarantee by failing to reimburse CFD for all losses suffered by CFD as a result of the Business Defendant's breach.

RECEIVED NYSCEF: 01/27/2023

43.     By reason of the Personal Guarantee, the Personal Guarantor is personally liable to CFD for the damages suffered by CFD as a result of the Business Defendant's breaches of the Agreement.

44.     Accordingly, the Personal Guarantor is liable to CFD in the amount of $66,950.70, plus interest from 1/13/2023, in addition to attorneys' fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Attorneys' fees as against the Defendants)

45.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "44" above with the same force and effect, as if same were more fully set forth at length herein.

46.     The Agreement also provides that CFD shall recover its attorneys' fees incurred for having to enforce its rights under the Agreement in the event of a breach by the Business Defendant.

47.     By reason of the foregoing, CFD is entitled to judgment against the Defendants for all the costs and disbursements of this action, including reasonable attorneys' fees.

**WHEREFORE**, Cloudfund LLC demands judgment against Defendants, jointly and severally, as follows:

(i)     Judgment against Defendant Vivera Bio Inc d/b/a Vivera Bio, on the First and Third Causes of Action, in the amount of $66,950.70, plus interest from 1/13/2023, attorneys' fees and costs;

(ii)     Judgment against Defendant Paul Edalat, on the Second and Third Causes of Action, in the amount of $66,950.70, plus interest from 1/13/2023, attorneys' fees and costs; and

Case 6:36-cv-2052-JA7DH Document 13-0 Filed 03/06/23e 1Page 15 of 21 PageID 297

RECEIVED NYSCEF: 01/27/2023

(iii) Judgment in favor of Plaintiff and against Defendants, jointly and severally, for the costs, disbursements and attorneys' fees of this action, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
   January 27, 2023

          _/s/ Vadim Serebro, Esq._
          Vadim Serebro, Esq.
          *Attorney for Plaintiff,*
          *Cloudfund LLC*
          55 Broadway, 3rd Floor
          New York, New York 10006
          Phone: (646) 517-8956

## VERIFICATION

STATE OF _New Jersey_ )

COUNTY OF _Bergen_ ) ss.:

ERIN MORRISSEY, being duly sworn, states:

I am an authorized representative of Plaintiff Cloudfund LLC in the within action. I have read the foregoing Complaint against Vivera Bio Inc d/b/a Vivera Bio and Paul Edalat and know the contents thereof; the same is true to the best of my knowledge, except as to the matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true.

The foregoing statements are true under penalties of perjury.

ERIN MORRISSEY

On January _27_ , 2023, before me, the undersigned Notary Public in and for said state, personally appeared ERIN MORRISSEY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

CHRISTINE LEUNG
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50065935
Commission Expires August 10, 2027

| Index No. | | Year | RJI No. | Hon. |
|---|---|---|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CLOUDFUND LLC,

Plaintiff,

-against-

VIVERA BIO INC D/B/A VIVERA BIO and PAUL EDALAT,

Defendants.

---

## SUMMONS & VERIFIED COMPLAINT

---

### VADIM SEREBRO, ESQ.
*Attorney for Plaintiff*

*Office and Post Office Address, Telephone*
**55 BROADWAY**
**3RD FLOOR**
**NEW YORK, NEW YORK 10006**
**TEL: (646) 517-8956**
**FAX: (646) 298-5652**

---

Service of a copy of the within     is hereby admitted.

Dated,

Attorney(s) for

NYSCEF DOC. NO. 2

# Exhibit A

# CLOUDFUND LLC

### 400 Rella Blvd. Suite 165-101, Suffern, NY 10901
### FUTURE RECEIPTS SALE AND PURCHASE AGREEMENT

This agreement (this "Agreement"), dated 11/4/2022, between CLOUDFUND LLC ("Buyer") and the seller(s) listed herein (collectively, the "Seller") (all capitalized terms shall have the meanings ascribed to them below):

**Business Legal Name:** VIVERA BIO INC
**D/B/A:** VIVERA BIO
**Form of Business Entity:** Corporation
**Physical Address:** 4343 VON KARMAN AVE. STE 100, NEWPORT BEACH, CA 92660
**Mailing Address:** 4343 VON KARMAN AVE. STE 100, NEWPORT BEACH, CA 92660

| PURCHASE PRICE: | PURCHASED AMOUNT: | SPECIFIED PERCENTAGE: |
|---|---|---|
| $60,000.00 | $83,940.00 | 3 % |

| REMITTANCE AMOUNT:* | REMITTANCE PERIOD: |
|---|---|
| $2,997.86 | WEEKLY |

LESS CLOSING COSTS:

| DUE DILIGENCE FEE: | ORIGINATION FEE: | UCC FEE: |
|---|---|---|
| $1,800.00 | $1,800.00 | $0.00 |

LESS PRIOR BALANCE(S) (IF APPLICABLE)
$0.00

NET AMOUNT FUNDED TO SELLER:
$56,400.00

**FOR THE SELLER #1**

By: *PAUL EDALAT*

**Name:** PAUL EDALAT
**Title:** Owner/Agent/Manager

**FOR THE SELLER #2**

By: _____

**Name:** N/A
**Title:** N/A
**Email:** N/A
**Business Phone:** N/A

*Please refer to Section 13 of this Agreement to learn how the Remittance Amount can be changed.

Concurrently with the execution of this Agreement by Seller, and as condition to the effectiveness hereof, Seller has caused the **Personal Guarantee of Performance** in the form attached hereto as "Exhibit A" (the "Guaranty") to be signed and delivered to Buyer by the following Owner(s)/Guarantor(s) of Seller.

**OWNER/GUARANTOR #1**

By: *PAUL EDALAT*

**Name:** PAUL EDALAT

**Address:** 12 SABLE SANDS, NEWPORT COAST, CA 92657

**OWNER/GUARANTOR #2**

By: _____

**Name:** N/A
**SSN:** N/A
**Phone:** N/A
**Address:** N/A

Furthermore, in the event the Seller and/or Guarantor are comprised of more than one entity and/or individuals, then
Page 1 of 15      5418553 079

NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 01/27/2023

# Exhibit B

NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 01/27/2023

| Trans ID | Clear Date | Origination Date | Hit Date | Merchant Account | Processor | Type | Account | Memo | Amount | Return Date | Concen | Balance | Deal Start Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fri 11/04/2022 | | | | | check | PURCHASED INTERNAL | WIN | 83,940.00 | | | 83,940.00 | 11/4/2022 |
| DEB855695 | Mon 11/28/2022 | Fri 11/18/2022 | Mon 11/21/2022 | ******1046 | OPTIMUM | deposit | ACH PAYBACKS | | -2,997.86 | | | 80,942.14 | 11/4/2022 |
| DEB865630 | Fri 12/02/2022 | Fri 11/25/2022 | Mon 11/28/2022 | ******1046 | OPTIMUM | deposit | ACH PAYBACKS | | -2,997.86 | | | 77,944.28 | 11/4/2022 |
| DEB878034 | Fri 12/09/2022 | Fri 12/02/2022 | Mon 12/05/2022 | ******1046 | OPTIMUM | deposit | ACH PAYBACKS | | -2,997.86 | | | 74,946.42 | 11/4/2022 |
| DEB890292 | Fri 12/16/2022 | Fri 12/09/2022 | Mon 12/12/2022 | ******1046 | OPTIMUM | deposit | ACH PAYBACKS | | -2,997.86 | | | 71,948.56 | 11/4/2022 |
| DEB902568 | Fri 12/23/2022 | Fri 12/16/2022 | Mon 12/19/2022 | ******1046 | OPTIMUM | deposit | ACH PAYBACKS | | -2,997.86 | | | 68,950.70 | 11/4/2022 |
| DEB915042 | Tue 01/03/2023 | Fri 12/23/2022 | Tue 12/27/2022 | ******1046 | OPTIMUM | bounce | BOUNCE | R08 - Payment Stopped | 2,997.86 | Thu 12/29/2022 | 1 | 68,950.70 | 11/4/2022 |
| | Fri 01/13/2023 | Fri 01/13/2023 | | | | deposit | Merchant Paybacks | WIRE FROM VIVERA BIO INC. | -2,000.00 | | | 66,950.70 | 11/4/2022 |